■ CASSY M. WEICHMAN, as Executrix of HAROLD L. WEICHMAN, Deceased, Appellant, v. TOWN OF IRONDEQUOIT et al., Respondents.— Memorandum: Plaintiff-appellant is the executrix of one Harold L. Weichman, who on November 10, 1958 was granted a " temporary and conditional permit " by the Zoning Board of Appeals of the Town of Irondequoit to erect a seaplane hangar and use the premises as a marine and seaplane base. By its terms the permit was granted for a period of not to exceed five years, more than three years of which have expired. Provision four specifically provided: " That this permit shall not be assignable or transferrable without the consent of this Board and may be revoked by this Board upon non-compliance with

its terms." The death of Weichman occurred after the date of the Special Term order which is the subject of this appeal. The record is barren of any facts indicating what action, if any, has been taken by the executrix to effect an assignment to her of the rights flowing from the permit. The complaint seeks a judgment declaring that section 249 of the General Business Law is unconstitutional. We cannot reach a determination of this question on the state of this record. The allegations of the complaint, and particularly paragraph eight, make it very apparent that the grounds upon which the declaratory judgment of unconstitutionality is requested are based upon the "temporary and conditional permit" and the rights conferred by it which may be personal in nature and available only to the person named in the permit, the decedent. Before the question of constitutionality can be resolved, it becomes necessary to remit this matter to Special Term for proper amendment of the complaint and clarification of the standing of the representative of the deceased plaintiff to raise the issues here presented. It must first be decided whether the rights granted under the permit were personal to the decedent and therefore may have lapsed by reason of his death. Further, all these matters demonstrating the executrix' rights under the permit should be fully explored with proper amendment of the pleadings and further reconsideration and determination by Special Term, in the light of the new facts presented. All concur. (Appeal from order of Monroe Special Term denying motion to strike out the answers of defendants and for a summary judgment in favor of the plaintiff.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.